# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| GREGORY TODD COOK, ET AL. | CIVIL ACTION NO. 15-2195 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARRIOR ENERGY SERVICES, CORPORATION D/B/A SPC RENTALS | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the Court is Defendant Warrior Energy Services, Corporation d/b/a SPC Rentals' ("SPC Rentals") Rule 12(b)(6) Motion to Dismiss. See Record Document 21. Plaintiffs have opposed the motion. See Record Document 27. For the reasons set forth below, SPC Rentals' Rule 12(b)(6) Motion to Dismiss (Record Document 21) is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

Plaintiffs Gregory Todd Cook, Cody Hollier, William McEachern, Dillon Robbins, Frankie Pyles, John Frasier, Brad Nix, Duane Meeks, Vernon Casey Jones, Blake Isgitt, Landon Russell, Jonathan Romine, Brian Jones, John Matassa, Jeremy Evans, and Onolet Ontrell Rhodes filed the instant civil action in 2015 against SPC Rentals asserting claims under the Fair Labor Standards Act of 1938 ("FLSA") and Louisiana law. See Record Document 1. They amended their complaint twice in August 2015 and a third time in January 2016. See Record Documents 3, 4 & 20. Thus, the instant motion is addressed to Plaintiffs' Third Amended Complaint. See Record Document 20.

SPC Rentals is in the business of performing labor and furnishing services and materials, machinery and supplies in connection with oil and gas drilling, completion and workover operations. See id. at ¶ 7. Under the name Superior Pressure Control, SPC

Rentals also provides labor, services, and equipment for oil and gas well pressure control. See id. at ¶ 8. Plaintiffs were employed by SPC Rentals and assigned to the Minden, Louisiana location. See id. at ¶ 1.[1] Plaintiffs operated machinery, tools, and equipment – primarily well pressure control equipment used in connection with oil and gas drilling, well completion, and workover operations. See id. at ¶ 10. Plaintiffs were either pump operators or grease operators. See id. at ¶ 11.

Plaintiffs were salaried. See id. at ¶ 21. In addition to salary, they were paid a day rate for each day worked at a well site. See id. Plaintiffs were assigned 12 hour-shifts, but allege that they actually worked for a longer period of time each shift. See id. at ¶ 15. Plaintiffs allege that "to perform their duties as required, [they] regularly worked 13 to 14 hours each shift and not infrequently worked 16, 18 and 24 hours when assigned to operate equipment and perform other labor at well site locations." Id. at ¶ 19. Plaintiffs allege that SPC Rentals knew they worked more than 40 hours in a workweek at well site locations. See id. at ¶ 20. Plaintiffs allege that SPC Rentals "assigned [them] to work more than 40 hours in the workweek," yet they were not paid for overtime work. Id. at ¶ 23. Plaintiffs assert that SPC Rentals labeled them as "supervisors" to avoid paying overtime compensation. Id. at ¶ 25. Plaintiffs maintain they were not supervisors. See id. at ¶ 26.

Based upon the above facts, Plaintiffs assert FLSA claims for failure to pay overtime. They also assert a "failure to pay wages timely" claim under La. R.S. 23:633. This Louisiana state law claim is based on SPC Rentals' "failure to make timely payment of [Plaintiffs'] salaries and day rates." Id. at ¶¶ 37, 40-43.

---

[1] SPC Rentals closed the Minden, Louisiana location in October 2015. See Record Document 11 at ¶ 33.

A group of Plaintiffs were subjected to "en masse" drug testing in July 2015. Id. at ¶¶ 44-45. These Plaintiffs "were corralled with approximately 40 of their co-workers in a room at the Minden, Louisiana office, where the Defendant had arranged for collection from the Plaintiffs['] hair, urine and breath samples . . . for substance abuse testing." Id. at ¶ 45. "Some of the . . . Plaintiffs were ordered to report to collection sites elsewhere for the collection of the same type of samples." Id. The drug testing was carried out under the direct supervision of SPC Rentals' Safety Director. See id. at ¶ 46. Plaintiffs allege that "as a direct result of the manner in which the Safety Director conducted the drug testing . . . , they were defamed and suffered invasions of privacy." Id. at ¶ 50.

This Court has reviewed the Third Amended Complaint and finds that the incorporation by reference clause is sufficient. The adoption contains sufficient specificity and clarity for this Court to determine the nature and extent of the incorporation. Thus, this Court will be guided by the Third Amended Complaint.

SPC Rentals has now moved to dismiss Plaintiffs' claims in their entirety. See Record Document 21. Alternatively, SPC Rentals asks the Court to require Plaintiffs to provide a more definite statement pursuant to Rule 12(e).[2] See id. SPC Rentals argues "that this should be Plaintiffs' last opportunity to state their claims." Id. This alternative

---

[2]Rule 12(e) provides:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

request under Rule 12(e) is **DENIED**, as the Court holds the Third Amended Complaint is not so vague or ambiguous that SPC Rentals cannot reasonably prepare a response. Moreover, motions for more definite statement are disfavored because discovery is generally the correct vehicle to obtain information necessary for trial. See Bazal v. Belford Trucking Company, 442 F.Supp. 1089 (S.D.Fla.1977); Erickson v. Hunter, 932 F.Supp. 1380, 1384 (M.D. Fla. 1996)**.**

## LAW AND ANALYSIS

**I.    Rule 12(b)(6) Standard.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) changed from the old, more plaintiff-friendly "no set of facts" standard to a "plausibility" standard found in Bell Atlantic v. Twombly and its progeny. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-556, 127 S.Ct. at 1965. If a pleading only contains "labels and conclusions" and "formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos County, Texas, 981 F.2d 237, 243 (5th Cir. 1993). Courts

must also accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See id. at 678-679, 129 S.Ct. at 1949-1950. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S.Ct. at 1966.

## II. FLSA Claims.

In its first Rule 12(b)(6) Motion to Dismiss, SPC Rentals argued that Plaintiffs failed to plead specific factual allegations, such as dates of employment, rates of pay, or hours of overtime worked in support of their FLSA claims. See Record Document 10-1 at 10-12. SPC Rentals also maintained in its first motion that Plaintiffs failed to allege sufficient facts to support willfulness. See Record Document 10-1 at 12-13.

In February 2017, this Court denied as moot SPC Rentals' first Rule 12(b)(6) Motion to Dismiss in light of the Third Amended Complaint. See Record Document 29. The Court's review of the Third Amended Complaint reveals that the aforementioned deficiencies have been cured. Plaintiffs allege dates of employment, salary plus day rate pay structure, hours of overtime work, and established workweek schedules. Plaintiffs also make factual allegations relating to willfulness, namely that SPC Rentals (1) knew that Plaintiffs worked more than 40 hours in a workweek at well site locations; (2) regularly assigned Plaintiffs to work shifts "8 overtime hours to more than 55 overtime hours in a

workweek"; (3) intentionally misclassified Plaintiffs as supervisors to avoid paying overtime; and (4) was sued for similar overtime violations in other various jurisdictions. Record Document 20 at ¶¶ 20-36. At this stage, these factual allegations must be accepted as true and raise a right to relief above the speculative level. The Court further notes that in its second Rule 12(b)(6) Motion to Dismiss, SPC Rentals did not reurge its arguments in support of dismissing Plaintiffs' FLSA claims. Accordingly, SPC Rentals' Rule 12(b)(6) Motion to Dismiss is **DENIED** as to Plaintiffs' FLSA claims.

### III. La. R.S. 23:633 Claim.

Plaintiffs assert claims against SPC Rentals "for penalties and damages arising from SPC Rentals' failure to make timely payment of their salaries and day rates, as required by La. R.S. 23:633." Record Document 20 at ¶ 37. Plaintiffs contend that SPC Rentals failed to pay base pay timely – "the appropriate payments were delayed by several weeks and sometimes by a month or more." Id. at ¶¶ 41, 43. Plaintiff did not plead a tort claim for untimely wage payments.

At the outset, the Court holds that neither Section 633(A) not 633(B)[3] grant a private

---

[3]La. R.S. 23:633 provides, in pertinent part:

A. It shall be the duty of each employer subject to this Section to inform his employees at the time of hire what wages they will be paid, the method in which they will be paid and the frequency of payment along with any subsequent changes thereto. Except as provided under Subsection B of this Section, any employer that fails to designate paydays must pay his employees on the first and sixteenth days of the month or as near as is practicable to those days.

B. Every person, engaged in manufacturing of any kind, or engaged in boring for oil and in mining operations, employing ten or more employees, and every public service corporation, shall make full payment to employees for services performed no less than twice

right of action for enforcement. "The amended act does not provide a private right of action to employees but an employer who violates [Section] 633(A) or (B) may be fined and, for subsequent violations, subject to imprisonment." Rick J. Norman, Louisiana Practice Series, Louisiana Employment Law § 4.22. Additionally, to the extent the Section 633 claims are based on the same allegations that form Plaintiffs' FLSA claims, the claims are duplicative and the FLSA preempts Louisiana state law. See Kidder v. Statewide Transp., Inc., 2013-594 (La. App. 3 Cir. 12/18/13), 129 So. 3d 875, 879-880. Thus, SPC Rentals' Rule 12(b)(6) Motion to Dismiss is **GRANTED** as to Plaintiffs' Section 633 claims and such claims are **DISMISSED WITH PREJUDICE**.

IV.   **Defamation Claims.**

Plaintiffs assert that SPC Rentals defamed them in connection with the July 2015 drug testing. See Record Document 20 at ¶¶ 44, 50. More specifically, they allege:

> Plaintiffs were defamed by Defendant's report that it had drug tested the Plaintiffs for "reasonable suspicion." The statement that there had been "reasonable suspicion" to test the Plaintiffs was false.
>
> Plaintiffs were also defamed by Defendant's communication to those not privileged to receive the information reports of Plaintiffs' unverified positive test results that were later verified as negative.
>
> . . .
>
> Falsely reporting that a drug test was ordered due to "reasonable suspicion" was defamatory.

---

> during each calendar month, which paydays shall be two weeks apart as near as is practicable, and such payment or settlement shall include all amounts due for labor or services performed during any such payroll period and shall be payable no later than the payday at the conclusion of the next payroll period, provided that, except in cases of public service corporations, this Section shall not apply to the clerical force or to salesmen.

. . .

      Defendant's communication to the DISA, VECTOR and similar databases, and to others, that Plaintiffs had been tested for "reasonable suspicion" gave the false impression that Defendant had strong objective, particularized evidence as to each plaintiff that met the "reasonable suspicion" criteria established by DISA and similar databases.

. . .

      Defendant did not have "reasonable suspicion" to test the plaintiffs and its report to DISA, VECTOR and others that there was "reasonable suspicion" was false.

. . .

      The false report was made with malice. Defendant knew that it was not testing the Plaintiffs based upon a "reasonable suspicion" standard, yet it still reported the tests as being based upon "reasonable suspicion."

Id. at ¶¶ 57-58, 61, 68, 71, 73.

SPC Rentals seek protection under the Louisiana Drug Testing Statute, which provides, in pertinent part:

> B.    No cause of action for defamation of character, libel, slander, or damage to reputation or privacy arises in favor of any person against an employer or testing entity who has established a program of drug or alcohol testing in accordance with this Chapter, unless:
>
>    (1)    The results of that test were disclosed to any person other than the employer or testing entity, an authorized employee or agent of the employer or testing entity, the tested employee, or the tested prospective employee;
>
>    (2)    The information disclosed was based on a false test result or a failure to comply with the provisions of this Chapter;
>
>    (3)    All elements of an action for defamation of character, libel, slander, or damage to reputation or privacy as established by statute or civil law, are satisfied.

La. R.S. 49:1012(B). However, as noted by Plaintiffs, this Court hold that Section 1012 is

inapplicable because the Louisiana Drug Testing Statute does not apply to SPC Rentals. See La. R.S. 49:1002(E) ("Applicability. . . . This Chapter shall not apply to any person, firm, or corporation engaged or employed in the exploration, drilling, or production of oil or gas in Louisiana or its territorial waters."). SPC Rentals argues that "even if [it] is not mandated to comply with the statute, it certainly may elect to establish a program in accordance with the statute and thereby receive the benefit of the limitation on defamation claims related to carrying out its program." Record Document 15-1 at 19. The Court is unconvinced by this argument, as SPC Rentals provides no case law to support their position and such a reading of the statute would render the applicability provisions set forth in Section 1002 meaningless. See McLane S., Inc. v. Bridges, 2011-1141 (La. 1/24/12), 84 So. 3d 479, 483 ("Courts should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided.").

The Court must, therefore, analyze Plaintiffs' defamation claim under ordinary tort principles of Louisiana law. "Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name." Costello v. Hardy, 2003-1146 (La. 1/21/04), 864 So. 2d 129, 139. "Four elements are necessary to establish a defamation cause of action: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." Id. The fault requirement has evolved in jurisprudence to require malice, whether it be actual or implied. See id. "Thus, in order to prevail on a defamation claim, a plaintiff must prove 'that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages.'"

See id. at 139-140.

SPC Rentals submits that statements of opinion, beliefs, possibilities, potentialities, speculation, and similar non-factual statements cannot be considered defamatory. See Record Document 21-1 at 16. It argues that Plaintiffs' defamation claims fail because requiring "them to submit to a drug test based on a 'suspicion' of drug use cannot be viewed as a matter of law as a statement of fact." Id. at 16. Citing the Cambridge English Dictionary, SPC Rentals maintains that a suspicion is an inkling, a notion, or a state of feeling, but it is not a fact. See id.

This Court has reviewed Plaintiffs' factual allegations as to defamation and outlined many of them above. Additionally, the Court notes that Plaintiffs allege that "reasonable suspicion" in the context of drug testing is defined as "a belief based on objective facts sufficient to lead a prudent person to conclude that a particular person performed a particular act." Record Document 20 at ¶ 62. Plaintiffs further allege that "before drug testing can be conducted based upon 'reasonable suspicion,' Defendant's policy requires "strong evidence" of illegal drug use, which "must be documented." Id. at ¶ 63. Under Louisiana law, "a statement of opinion that is based totally on [a] subjective view and does not expressly state or imply the existence of underlying facts is not actionable under Louisiana law." Bussie v. Lowenthal, 535 So. 2d 378, 381 (La. 1988); Mashburn v. Collin, 355 So. 2d 879, 885-886 (La. 1977). Yet, "if a statement of opinion is accompanied by an express statement of fact, that express statement of fact may be actionable if it is defamatory, false, and concerns another. Moreover, if a statement of opinion implies that certain facts exist, then such a statement, even though couched in terms of an opinion, may give rise to a defamation action if the implied factual assertions are defamatory and

false." Id. Based on these legal principles and the factual allegations plead, which must be assumed true at this stage, the Court holds that Plaintiffs' defamation claims raise a right to relief above the speculative level and survive Rule 12(b)(6) attack.

## V.      Invasion of Privacy Claims.

Plaintiffs assert that SPC Rentals invaded their privacy in connection with the July 2015 drug testing. See Record Document 20 at ¶¶ 83-90. More specifically, they allege:

> The manner in which Defendant conducted the observed sample collections was unreasonable under drug testing standards and intruded upon Plaintiffs' physical privacy.
>
> . . . Some Plaintiffs were required to submit to observed collection samples that involved the exposure of their genitalia and buttocks in a manner that could be viewed by other employees present, male and female.
> . . .
>
> Defendant invaded Plaintiffs' privacy by presenting them in a false light.
>
> As stated in the defamation claim asserted above, a report from Defendant that an employee was drug tested for "reasonable suspicion" carries career-damaging connotation. The unprivileged communication of a preliminary and unconfirmed positive report has the same negative connotation. The fact that Plaintiffs were subjected to broad-panel testing of hair, urine and breath, the false reports of preliminary, unconfirmed positive results and that the tests had been ordered due to "reasonable suspicion" when there was no "reasonable suspicion" presented Plaintiffs in a false light and continues to do so.

Id. at ¶¶ 83-86.

Under Louisiana law, the tort of invasion of privacy occurs in multiple ways, including "when the defendant unreasonably intrudes upon the plaintiff's physical solitude or seclusion." Jaubert v. Crowley Post-Signal, Inc., 375 So. 2d 1386, 1388 (La. 1979). Louisiana law also recognizes a cause of action for "false light" invasion of privacy. Perere v. Louisiana Television Broad. Corp., 97-2873 (La. App. 1 Cir. 11/6/98), 721 So. 2d 1075,

1078. "The cause of action arises from publicity which unreasonably places the plaintiff in a false light before the public. The publicity need not be defamatory in nature, but must be objectionable to a reasonable person under the circumstances and must contain either falsity or fiction." Id. "Unlike a defamation action, it is not necessary that there be malicious intent on the part of the defendant." Id. Instead, in order to determine reasonableness, courts are to balance the plaintiff's interest in protecting his privacy from serious invasions with the defendant's interest in pursuing his course of conduct. See id.

The Court has reviewed Plaintiffs' factual allegations as to invasion of privacy and particularly notes the factual allegations regarding (1) exposure of genitalia and buttocks in a manner that could be viewed by other employees present, both male and female; and (2) SPC Rentals making false reports of preliminary, unconfirmed positive results and that the tests had been ordered due to "reasonable suspicion" when there was no "reasonable suspicion." These factual allegations must be accepted as true at the Rule 12(b)(6) stage of litigation. Based on the legal principles discussed above the factual allegations plead, which must be assumed true, the Court holds that Plaintiffs' invasion of privacy claims raise a right to relief above the speculative level and survive Rule 12(b)(6) attack.

## CONCLUSION

Based on the foregoing analysis, SPC Rentals' Rule 12(b)(6) Motion to Dismiss (Record Document 21) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted as to the La. R.S. 23:633 claim and denied as to the FLSA, defamation, and invasion of privacy claims. The Court holds that Plaintiffs have plead to sufficient facts to raise the right to relief above the speculative level as to their FLSA, defamation, and

invasion of privacy claims.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11th day of April, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE